UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL NO. 09-7-JMH-CJS
CIVIL CASE NO. 10-7139-JMH-CJS

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                      **REPORT AND RECOMMENDATION**

ANDREW S. COTTON                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

On October 15, 2010, Defendant Andrew S. Cotton filed a pro se Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (R. 25). The Government has responded. (R. 29). Having all relevant documents before the Court, the matter is now ripe for consideration and preparation of a report and recommendation. *See* 28 U.S.C. § 636(b). For the reasons set forth below, Defendant's conviction under 18 U.S.C. § 2250(a) is invalid, and it is therefore recommended that Defendant's Motion to Vacate (R. 25) be **granted.**

On April 27, 2009, Defendant entered a plea of guilty to Count One of the Indictment, charging him with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). (R. 12, 13). On July 27, 2009, the District Court sentenced Defendant to 18 months of imprisonment, with 10 years of supervised release to follow. (R. 16, 17). Defendant did not file a direct appeal.

On October 15, 2010, Defendant filed the pending § 2255 Motion, asserting his conviction is invalid because the conduct that allegedly violated the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901, occurred before the Act became applicable to him. (R. 25). To

support his claim, Defendant relies upon *Carr v. United States*, __ U.S. __, 130 S.Ct. 2229 (June 10, 2010), and *United States v. Utesch*, 596 F.3d 302, 313 (6th Cir. 2010). In light of these decisions, and the facts of the case at bar, the United States filed a Response conceding that Defendant's conviction is invalid and should be vacated. (R. 29).

SORNA was enacted on July 27, 2006, and states that "a sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." 42 U.S.C. § 16913(a). A person who is a convicted sex offender who is required to register under 42 U.S.C. § 16913(a), who travels in interstate commerce, and who knowingly fails to register or update a registration, can be convicted under 18 U.S.C. § 2250(a) and subject to imprisonment for up to 10 years. The Attorney General enacted regulations applying SORNA to persons whose sex offense convictions predated the effective date of the Act. The Sixth Circuit has concluded, however, that these regulations did not become effective until August 1, 2008. *See Utesch*, 596 F.3d at 313. Thus, SORONA did not become applicable to persons convicted of a sex offense prior to its enactment until the August 1, 2008, effective date of the regulations applying SORNA. *Id.* at 306-11.

In the case at bar, Defendant admitted that on September 18, 2002, he was convicted of a sex offense requiring he register under SORNA. (R. 15). The Government charged Defendant with traveling in interstate commerce and knowingly failing to register as a sex offender between June 15, 2007, and May 13, 2008. (R. 1). Since Defendant's conviction of a sex offense predated the effective date of the Act, its registration and notification requirements did not apply to him until August 1, 2008. *Utesch*, 596 F.3d at 313. Therefore, because Cotton's interstate travel and failure to register took place before SONRA was applicable to him, *see Utesch,* 596 F.3d at 311, Defendant's conviction is invalid and his Motion to Vacate should be granted.

Finally, Federal Rule of Civil Procedure 72(b)(2) provides for a period of 14 days to lodge specific objections to a report and recommendation. It is, however, reasonable to conclude that the Government, by way of its concession, has waived its 14-day period for filing objections.

Accordingly, for the reasons stated herein, **IT IS RECOMMENDED** that:

(1) Defendant Cotton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 25) be **granted**;

(2) Defendant Cotton's Judgment (R. 17) be **vacated** and his Indictment (R. 1) be **dismissed with prejudice;** and,

(3) The Clerk of Court forthwith submit the record in this matter to the presiding District Court Judge for consideration of this Report and Recommendation.

Dated this 2nd day of November, 2010.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 R&R general\09-7CottonR&R.com.wpd